# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN DARNELL FITTS, | : | Case No. 2:24-cv-1040 |
| | : | |
| Plaintiff, | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| LT. CRABTREE, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Ross Correctional Institution (RCI) in Chillicothe, Ohio, filed this *pro se* civil rights lawsuit against several RCI officials. The Court granted Plaintiff leave to proceed *in forma pauperis* by separate Order. (Doc. 5). This matter comes before the Court on Plaintiff's request for appointment of counsel (Doc. 13, at PageID 66) and for an initial screen of the Amended Complaint (Doc. 13), as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[1]

## I. Request for Appointment of Counsel

In his Amended Complaint, Plaintiff requests the appointment of counsel. (Doc. 13, PageID 66). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only

---

[1] Because this civil rights action was filed by a prisoner against government officials and Plaintiff was granted leave to proceed *in forma pauperis*, the Court is required to review the Amended Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

by exceptional circumstances.  *Id.* at 605-06.  *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation.  No such circumstances appear in this case.  As our sister court in the Eastern District of Michigan has explained:

> "An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.'" (ECF No. 18, PageID.67) (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)).  The difficulties of litigating a case due to incarceration alone do not warrant appointment.  *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

*Sanders v. Purdom*, No. 2:23-CV-11413, 2024 WL 4294635, at *1 (E.D. Mich. Sept. 25, 2024).

Accordingly, Plaintiff's request for appointment of counsel (Doc. 13) is **DENIED without prejudice** to renewal should this case proceed to trial.

## II.     Initial Screen of the Amended Complaint

### A.     Legal Standard

When it enacted the *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992).  To prevent such abusive litigation, Congress requires federal courts to dismiss *in forma pauperis* complaints if they find that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be

dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also required federal courts to dismiss *sua sponte* complaints filed by prisoners or pro se litigants that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

3

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B.    Allegations In the Amended Complaint

Plaintiff identified eleven Defendants in the Amended Complaint: Warden William Cool, Lt. Crabtree, C.O. Gear, Lt. Sexton, C.O. Penix, C.O. Lowry, and John Doe Officers 1-5. Defendants are sued in their individual and official capacities. (Doc. 13, PageID 60, 63).

Plaintiff alleges that on February 3, 2024, both he and his cellmate were sprayed with Oleoresin Capsicum ("OC") spray without provocation. (Doc. 13, PageID 64). Plaintiff does not name as a Defendant the person who allegedly sprayed him and his cellmate, and the Court understands these allegations to merely provide background for the events underlying his claims. Plaintiff was removed from his cell in restrictive housing and brought to medical, with his hands cuffed behind his back, while wearing a face mask and Ray Ban glasses. (*Id.*).

Sometime later, two unknown officers, who also are not named as Defendants, escorted Plaintiff to the captain's office. (Doc. 13, PageID 64.) Plaintiff alleges that Defendant Crabtree, Defendant Sexton, and eight corrections officers who were wearing gloves (all of whom are

4

named as Defendants) were in the office. (*Id.*) Sexton allegedly nodded to the officers to signal them to assault Plaintiff. (*Id.*). Defendant John Doe # 2 then held Plaintiff's legs while Defendants Gear, Penix, Lowry, and four other John Doe Defendants allegedly punched him in the face and body. (*Id.*). Defendant Crabtree also allegedly sprayed Plaintiff in the face with more O.C. spray. (*Id.*). Plaintiff claims that he suffered numerous injuries and that Lt. Crabtree told him to "deal with it." (*Id.*).

Plaintiff asserts that Defendants conspired to violate his rights under both the Ohio and United States Constitutions. (Doc. 13, PageID 65). Although Plaintiff does not specify the provisions under which he seeks relief, the Court construes the Amended Complaint liberally (as it is required to do, *see Erickson*, 551 U.S. at 94) as asserting claims for federal civil conspiracy under 42 U.S.C. § 1983, state civil conspiracy under Ohio law (*see Siefert v. Hamilton* Cty., 951 F.3d 753, 768 (6th Cir. 2020)), and cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, Section 9, of the Ohio Constitution. Plaintiff seeks monetary and injunctive relief. (*Id.* at PageID 66).

### C.     Analysis

At this stage of the proceedings, without the benefit of briefing by the parties, the undersigned Magistrate Judge concludes that the Amended Complaint is deserving of further development and may proceed at this juncture on Plaintiff's federal civil conspiracy and Eighth Amendment cruel-and-unusual-punishment claims against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Doe Officers 1-5 in their individual capacities (for money damages and injunctive relief) and their official capacities (for injunctive relief only). The Court advises Plaintiff that this is only a preliminary determination. The Court has not made any determination

about the merits of Plaintiff's claims or potential defenses thereto. Nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.

At this time, the Court makes no determination about Plaintiff's state-law claims against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Doe Officers 1-5. The Court will determine at a later stage in the proceedings whether to exercise supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367.

For the reasons set forth below, the undersigned **RECOMMENDS** that all of Plaintiff's remaining claims, including all claims asserted against Warden Cool, be dismissed.

## <u>All Claims against Warden Cool Should Be Dismissed</u>

The Court should dismiss Plaintiff's Eighth Amendment claims against Defendant Warden Cool because Plaintiff does not allege any personal involvement on the Warden's part. It is well-settled that the doctrine of *respondeat superior* does not apply in Section 1983 lawsuits to impute liability to supervisory personnel. *See, e.g.*, *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981). Instead, "[i]n order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or

6

knowingly acquiesced in the unconstitutional conduct of the offending officers"). Given the lack of any alleged personal involvement by the Warden in the events underlying Plaintiff's claims, the Court should dismiss all federal claims against Warden Cool without prejudice. Further, because all federal claims against Warden Cool should be dismissed, the Court should decline to exercise supplemental jurisdiction over any state-law claims against this Defendant. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025) ("[W]ith any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well.").

Accordingly, the undersigned **RECOMMENDS** that all claims against Warden Cool be dismissed without prejudice.

### All Official Capacity Damages Claims Should Be Dismissed

The Court should also dismiss with prejudice all claims for money damages against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Does 1-5 in their **official** capacities. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against Defendants in their official capacities would, in reality, be a way of

7

pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Because Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Does 1-5 are immune from suit in their official capacities to the extent that Plaintiff seeks money damages, all such claims should be dismissed with prejudice.

### D. Conclusion and Next Steps

The undersigned will order that Plaintiff may proceed with his claims of civil conspiracy under Section 1983 and Ohio law and his claims of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 9, of the Ohio Constitution against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Does 1-5 in their individual capacities (for money damages and injunctive relief) and their official capacities (for injunctive relief only). The undersigned will recommend that Plaintiff's remaining claims be dismissed, including all claims against Warden Cool.

However, before service of process may be issued in this case, Plaintiff must provide the Court with the required service documents. Plaintiff has not yet done so. He has failed to provide a completed U.S. Marshal form for any Defendant other than Defendant Crabtree (*see* Doc. 6-1, at PageID 38) and has failed to provide a completed summons form for any Defendant. Plaintiff is therefore **ORDERED** to submit to the Court, within **thirty (30) days** of the date of

this Order and Report and Recommendation, completed U.S. Marshal forms for Defendants Gear, Sexton, Penix, and Lowry; **and** completed summons forms for Defendants Crabtree, Gear, Sexton, Penix, and Lowry. Once the Court receives these completed summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

In addition, before service may be issued upon the John Doe Defendants, Plaintiff must file a motion to issue service that identifies these Defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, <u>if and when Plaintiff discovers the identities of the John Doe Defendants through discovery</u>. Plaintiff is advised that no service will be issued on the John Doe Defendants—and his claims against them will be dismissed—if he fails to comply with this Order.

**Plaintiff is further advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution. If Plaintiff needs additional time to comply with this Order, then he must file a motion for extension of time.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against Warden Cool be **DISMISSED without prejudice**;

2. Plaintiff's claims for monetary damages against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Does 1-5 in their **official** capacities be **DISMISSED with prejudice**; and

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

**IT IS THEREFORE ORDERED THAT:**

1.      Plaintiff may proceed at this juncture with his claims of civil conspiracy under Section 1983 and Ohio law and with his claims of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 9, of the Ohio Constitution against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Does 1-5 in their individual capacities (for money damages and injunctive relief) and their official capacities (for injunctive relief only).

2.      Plaintiff, **within thirty (30) days** of the date of this Order and Report and Recommendation, shall submit to the Court a completed U.S. Marshal form for Defendants Gear, Sexton, Penix, and Lowry; **and** a completed summons form for Defendants Crabtree, Gear, Sexton, Penix, and Lowry. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff five blank summons forms and four blank U.S. Marshal forms for this purpose.

3.      Plaintiff shall file a motion to issue service, including completed United States Marshal and summons forms, if and when Plaintiff discovers the identities of the John Doe Defendants through discovery.  Plaintiff is advised that no service will be issued on the John Doe Defendants unless and until Plaintiff complies with this Order.

4.      Plaintiff shall serve upon Defendants or, if an appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel.  Any paper received by a district judge or magistrate

judge which has not been filed with the Clerk or which fails to include a certificate of service
will be disregarded by the Court.

5.      Plaintiff shall keep the Court apprised of any changes to his address during the
pendency of this lawsuit.

6.      Plaintiff's request for appointment of counsel (Doc. 13, at PageID 66) is
**DENIED without prejudice**.


Date:   October 2, 2025                          _/s/ Caroline H. Gentry_
                                                 Caroline H. Gentry
                                                 United States Magistrate Judge



### PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of
the recommended disposition, a party may serve and file specific written objections to the
proposed findings and recommendations.   This period may be extended further by the Court on
timely motion for an extension.  Such objections shall specify the portions of the Report objected
to and shall be accompanied by a memorandum of law in support of the objections.  If the Report
and Recommendation is based in whole or in part upon matters occurring on the record at an oral
hearing, the objecting party shall promptly arrange for the transcription of the record, or such
portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the
assigned District Judge otherwise directs.  A party may respond to another party=s objections
**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in
accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140
(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11