UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHAN DARNELL FITTS,

      Plaintiff,

        v.

LT. CRABTREE, *et al.*,

      Defendants.

Case No. 2:24-cv-1040
Judge Edmund A. Sargus, Jr.
Magistrate Judge Caroline H. Gentry

## ORDER

This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge on October 2, 2025.  (ECF No. 16.)  Plaintiff Jonathan Darnell Fitts is a prisoner at the Ross Correctional Institution (RCI) in Chillicothe, Ohio and filed this civil rights lawsuit *pro se* against eleven RCI officials (Warden Williams Cool, Lt. Crabtree, Lt. Sexton, C.O. Gear, C.O. Penix, C.O. Lowry, and John Doe Officers 1–5) in their individual and official capacities.  (ECF No. 13.)  Mr. Fitts requests monetary and injunctive relief.  (*Id.* PageID 66.)

After reviewing this case on an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Magistrate Judge construed Plaintiff's Amended Complaint as advancing the following claims: federal civil conspiracy under 42 U.S.C. § 1983, state civil conspiracy under Ohio law, and cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, Section 9, of the Ohio Constitution.  (ECF No. 16, PageID 76.)

As explained by the Magistrate Judge, Mr. Fitts alleges that he was sprayed with Oleoresin Capsicum ("OC") mace without provocation and then taken from his cell to health services and the captain's office with his hands cuffed behind his back.  (ECF No. 13, PageID 64; ECF No. 16, PageID 75.)  Mr. Fitts alleges that Defendant Crabtree, Defendant Sexton, and eight corrections

officers wearing gloves (all of whom are named as Defendants) were in the captain's office.  (ECF No. 13, PageID 64; ECF No. 16, PageID 75–76.)  Defendant Sexton allegedly nodded to the officers to signal them to assault Mr. Fitts.  (ECF No. 13, PageID 64; ECF No. 16, PageID 76.) Mr. Fitts alleges that Defendant John Doe Officer 2 held his legs while Defendants Gear, Penix, Lowry, and four other John Doe Officer Defendants punched him in the face and body.  (ECF No. 13, PageID 64; ECF No. 16, PageID 76.)  Defendant Crabtree also allegedly sprayed Mr. Fitts in the face with OC mace.  (ECF No. 13, PageID 64; ECF No. 16, PageID 76.)  Mr. Fitts claims that he suffered numerous injuries and that Defendant Crabtree told him to "deal with it."  (ECF No. 13, PageID 64; ECF No. 16, PageID 76.)

The Magistrate Judge concluded that Mr. Fitts should be allowed to proceed on his federal civil conspiracy and Eighth Amendment cruel and unusual punishment claims against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Doe Officers 1–5 in their individual capacities (for monetary damages and injunctive relief) and their official capacities (for injunctive relief only).  (ECF No. 16, PageID 76, 79–80.)

The Magistrate Judge made no recommendation as to Mr. Fitts's state-law claims against Defendants Crabtree, Gear, Sexton, Penix, Lowry and John Doe Officers 1–5 and noted that the Court will determine whether to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367 later in the proceedings.  (*Id.* PageID 77.)

The Magistrate Judge recommends that the Court dismiss Mr. Fitts's remaining claims. (*Id.* PageID 77–80.)  First, the Magistrate Judge recommends that the Court dismiss without prejudice the federal claims against Warden Cool because Mr. Fitts did not allege that Warden Cool was personally involved in the events underlying his claims.  (*Id.* PageID 77–78.)  The Magistrate Judge explained that "[i]n order to find supervisory personnel liable, a plaintiff must

allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." (*Id.* (quoting *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam)).)  In addition, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over the state-law claims against Warden Cool because "[w]ith any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well." (*Id.* (quoting *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025)).)

Second, the Magistrate Judge recommends that the Court dismiss with prejudice Mr. Fitts's claims against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Doe Officers 1–5 in their official capacities for monetary damages.  (*Id.* PageID 78–79.)  The Magistrate Judge explained that the Eleventh Amendment immunizes these Defendants from being sued in their official capacities for monetary damages.  (*Id.* (citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)).)

> Once a magistrate judge issues a report and recommendation, the relevant statute provides:
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1).  The failure to file written objections to a magistrate judge's report and recommendation waives a *de novo* determination by the district court of any issues addressed in the report and recommendation.  *Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

The parties were advised of their right to object to the Order and Report and Recommendation and of the consequences of failing to do so.  (ECF No. 16, PageID 82.)  No

objections to the Order and Report and Recommendation were filed.

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation.  (ECF No. 16.)  Plaintiff **MAY PROCEED** at this juncture on his claims of civil conspiracy under Section 1983 and Ohio law and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 9, of the Ohio Constitution against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Doe Officers 1– 5 in their individual capacities (for monetary damages and injunctive relief) and their official capacities (for injunctive relief only).  (*Id.* PageID 81.)  The Court **DISMISSES WITHOUT PREJUDICE** all of Plaintiff's claims against Warden Cool and **DISMISSES WITH PREJUDICE** Plaintiff's claims for monetary damages against Defendants Crabtree, Gear, Sexton, Penix, Lowry, and John Doe Officers 1–5 in their official capacity.

Further, the Court certifies that an appeal of this Order adopting the Magistrate Judge's Order and Report and Recommendation would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

This case remains open.

**IT IS SO ORDERED.**

**11/4/2025**                                             **s/Edmund A. Sargus, Jr.**
**DATE**                                                        EDMUND A. SARGUS, JR.
                                                                    UNITED STATES DISTRICT JUDGE