# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN DARNELL FITTS, | : | Case No. 2:24-cv-01040 |
| Plaintiff, | : | |
| | : | District Judge Edmund A. Sargus, Jr. |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| LT. CRABTREE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This civil rights case is before the undersigned Magistrate Judge upon a review of the docket. The matter began in March 2024. (Doc. No. 1.) The undersigned ordered Plaintiff to file an amended complaint in July 2024. (Doc. No. 7.) Plaintiff, a state prisoner proceeding without the assistance of counsel, filed an Amended Complaint, but it was docketed in a different case. (*See* Doc. No. 12.[1]) After these and other procedural issues were resolved, the undersigned screened the now-properly-docketed Amended Complaint (Doc. No. 13) and allowed Plaintiff to proceed with some of his claims. (*See* Order and Report and Recommendation, Doc. No. 16.) Plaintiff's other claims were later dismissed. (*See* Order Adopting Report and Recommendation, Doc. No. 17.)

Plaintiff's remaining claims have not proceeded any further, however, because Plaintiff has failed to provide the completed summonses and U.S. Marshal forms needed

---

[1] This situation is discussed further in District Judge Sargus' October 16, 2024 Order in *Fitts v. Cool,* Case No. 2:24-cv-3887 (Doc. No. 7).

to serve the remaining Defendants with process. The undersigned twice ordered Plaintiff to provide the forms. (Order and Report and Recommendation, Doc. No. 16 at PageID 79-80 [setting November 3, 2025 deadline]; Order Concerning Service Forms, Doc. No. 18 [setting December 19, 2025 deadline].) The Clerk of Court twice provided blank forms for Plaintiff to use. (Doc. No. 16 at PageID 81; Doc. No. 18 at PageID 88.)

The undersigned warned Plaintiff that his case may be dismissed if he did not return the completed forms. (*See* Doc. No. 16 at PageID 80 ["**Plaintiff is further advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.**"].) (emphasis in original). In the Order Concerning Service Forms, the undersigned expressly advised Plaintiff that:

> This case cannot proceed any further unless Defendants are served with process. That cannot occur until Plaintiff provides the required service forms. Accordingly, Plaintiff is again **ORDERED** to submit the required service forms. He shall submit "completed U.S. Marshal forms for Defendants Gear, Sexton, Penix, and Lowry; **and** completed summons forms for Defendants Crabtree, Gear, Sexton, Penix, and Lowry." (Doc. No. 16 at PageID 80.) Plaintiff shall submit these forms by **December 19, 2025**. If he fails to submit them by that date and does not otherwise respond to this Order, the undersigned will recommend that the Court dismiss his case for failure to prosecute.

(Doc. No. 18 at PageID 88) (emphasis in original). To date, Plaintiff has not provided any service forms, and none of the remaining Defendants have been served with process. The docket reflects that Plaintiff has not taken any action in the case since September 2024. (*See* Doc. No. 10.)

Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a

2

court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution [in order to] manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Here, Plaintiff's failures to comply with the Court's orders warrant dismissal of the case.

The undersigned also notes that the 90-day deadline for service of process set by Rule 4(m) has elapsed. That rule provides:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Ninety days from October 2, 2025 (when the undersigned allowed Plaintiff to proceed with some of his claims) was December 31, 2025. As Plaintiff has not shown good cause for the failure of service, the case should also be dismissed for this reason.

The undersigned Magistrate Judge therefore **RECOMMENDS** that the Court **DISMISS** this case for failure to prosecute and/or failure of service of process. The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to these recommendations as outlined in the section below. He is reminded that he must notify the Court if his mailing address changes while the case is pending.

**IT IS SO ORDERED.**

                                              */s/ Caroline H. Gentry*
                                              Caroline H. Gentry
                                              UNITED STATES MAGISTRATE JUDGE

**Notice Regarding Objections to this Report and Recommendation ("R&R")**

If any party objects to this R&R, the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the

4

R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).